**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

William M. Narus
First Assistant U.S. Attorney
William.Narus@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 6, 2026

Mark Ahlemeyer
Assistant Federal Public Defender
101 SW Main, Suite 1700
Portland, Oregon 97204

> Re:   *United States v. Donald Leroy Smith, Jr.*, Case No. 3:26-cr-00078-AN
>       Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to plead guilty to Count 1 of the Information, which charges that defendant retaliated against a federal official by threat, in violation of Title 18, United States Code, Section 115(a)(1)(B).

3.     **Penalties**:  The maximum sentence is ten years' imprisonment, a fine of up to $250,000, three years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

Defendant understands that pleading guilty to the charge in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future.

4.     **Dismissal/No Prosecution**:  There are no additional charges to dismiss.  The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised Jan, 2026

Mark Ahlemeyer
Re: Smith, Jr. Plea Agreement Letter
Page 2
May 6, 2026

5.    **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, the defendant threatened to murder a federal officer; and

Second, the defendant did so with intent to retaliate against that federal officer on account of the performance of his official duties.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel.  Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea.  The following facts are true and undisputed:

On or about November 12, 2025, defendant made a telephone call from his home within the District of Oregon to the publicly available telephone number for the office in Washington D.C. of a U.S. Senator (Senator-1).  Senator-1 is a federal officer.  Defendant, with the intent to retaliate against the Senator-1 for the performance of Senator-1's official duties, left a voicemail stating that he was "coming to kill you," that "you need to be dead," and that he was going to "put a bullet in your head."

6.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2A6.1(a)(1) is a Base Offense Level of 12 and to a four-level reduction pursuant to USSG § 2A6.1(b)(6), prior to adjustments.

8.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.    **Early Resolution Variance**:  If the defendant agrees to resolve his case prior to the first trial setting and does not file pretrial motions, the government will agree to recommend a three-level downward variance to his guideline range (two levels if defendant's pre-acceptance offense

Revised Jan. 2026

Mark Ahlemeyer
Re: Smith, Jr. Plea Agreement Letter
Page 3
May 6, 2026

level is less than sixteen) pursuant to 18 U.S.C. § 3553(a). If defendant agrees to resolve his case prior to the second trial setting and does not file pretrial motions, the government will agree to recommend a two-level downward variance to his guideline range (one level if defendant's pre-acceptance offense level is less than sixteen) pursuant to 18 U.S.C. § 3553(a).

10.    **Advisory Guideline Calculation:** The USAO will recommend the following base offense level and adjustments on Count 1:

| | |
|---|---|
| Base offense level (USSG § 2A6.1(a)(1)) | 12 |
| Single Instance (USSG § 2A6.1(b)(6)) | - 4 |
| Acceptance (USSG § 3E1.1) | -2 |
| 18 U.S.C. § 3553(a) | -2 |
| **Total Adjusted Offense Level** | **4** |

11.    **Sentencing Recommendation**: The USAO will recommend a sentence at the low end of the advisory guideline range. Defendant may seek any lawful sentence. The parties agree to jointly recommend 60 days of home confinement and mental health counseling as conditions of supervised release or probation.

12.    **Additional Departures, Adjustments, or Variances**:

A.    Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

B.    Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

13.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18

Mark Ahlemeyer
Re: Smith, Jr. Plea Agreement Letter
Page 4
May 6, 2026

U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

        If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Mark Ahlemeyer
Re: Smith, Jr. Plea Agreement Letter
Page 5
May 6, 2026

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

**The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.**

### Transfer of Assets

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

Revised Jan. 2026

Mark Ahlemeyer
Re: Smith, Jr. Plea Agreement Letter
Page 6
May 6, 2026

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19. **Deadline**: This plea offer expires if not accepted May 19, 2026.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ William M. Narus*
WILLIAM M. NARUS
First Assistant U.S. Attorney

*/s/ James Kilcup*
JAMES KILCUP
Assistant U.S. Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5/27/26
Date

DONALD LEROY SMITH, JR.
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/27/26
Date

MARK AHLEMEYER
Attorney for Defendant

Revised Jan. 2026