SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**WILLIAM M. NARUS, CASB #243633**
First Assistant United States Attorney
William.Narus@usdoj.gov
**JAMES A. KILCUP, OSB #173891**
Assistant United States Attorney
James.Kilcup@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **3:26-cr-00078-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DONALD LEROY SMITH, JR.,** | |
| **Defendant.** | |

Defendant Donald Leroy Smith, Jr., left a voicemail threatening to kill a U.S. Senator. When confronted by the Federal Bureau of Investigation (FBI), he admitted his conduct and a few months later agreed to waive indictment and enter a guilty plea, accepting responsibility for his conduct. Pursuant to the plea agreement negotiated by the parties, and consistent with the recommendation of the U.S. Probation Office, the government recommends a sentence of time served with 60 days home confinement and three years of supervised release with a condition of mental health counseling.

/ / /

## I. STATEMENT OF FACTS

According to the Presentence Report (PSR), on November 12, 2025, defendant left a voicemail for a U.S. Senator outside of Oregon ("Senator-1") stating that he was coming to kill Senator-1 and would "put a bullet" in the head of Senator-1. PSR ¶ 19. He said his name when leaving the voicemail, but tried to hide his phone number. Investigators identified his number and determined that the call had been placed from Woodburn, Oregon. PSR ¶ 21. The FBI learned that, a year earlier, the defendant had suicidal ideations and had been escorted by the Woodburn police to the hospital for a voluntary psychiatric hold. PSR ¶ 22. Beyond that event, the FBI also learned that defendant had a history of mental illness. PSR ¶ 22.

The FBI executed a search warrant at defendant's residence with assistance from the U.S. Secret Service, the Oregon State Police, and the Woodburn Police Department. Defendant admitted the conduct, stating that he left the voicemail because he was frustrated with politicians and had recently seen something on the news. PSR ¶ 26. He said that he was taking psychotropic medication and had been diagnosed with depression and post-traumatic stress disorder. PSR ¶ 28. Defendant said that he did not have a vehicle.

The FBI searched defendant's residence and did not find any firearms or ammunition. PSR ¶ 23. The FBI also searched defendant's cell phone, but did not find any evidence of other threats to Senator-1 or threats to others and did not find evidence that the defendant had planned to travel or had conducted research on Senator-1. PSR ¶ 24.

The U.S. Attorney filed a one-count information on March 19, 2026, charging defendant with threatening a federal official, in violation of 18 U.S.C. § 115(a)(1)(B).

/ / /

## II. SENTENCING GUIDLINES

Pursuant to the plea agreement entered on May 27, 2026, the parties have agreed to the following guideline calculations:

| Description | Offense Level | Guideline Section |
|---|---|---|
| Base Offense Level | 12 | USSG § 2A6.1(a)(1) |
| Single Instance | -4 | USSG § 2A6.1(b)(6) |
| Acceptance of responsibility | -2 | USSG § 3E1.1(a) |
| Early Resolution | -2 | 18 U.S.C. § 3553(a) |
| **Total:** | **4** | |

The base offenses level is 12 for a threatening communication. *See* USSG § 2A6.1(a)(1). The Sentencing Guidelines provide for a four-level reduction where the offense "involved a single instance evidencing little or no deliberation." *See* USSG § 2A6.1(b)(6). As discussed above, the FBI found no evidence of more than one threat, and no evidence of deliberation, a violation of a court order, a substantial disruption of government functions, or a likelihood of inciting others to act. For these reasons, the parties agreed to a four-level reduction, which the PSR also recommends. PSR ¶ 37. Because the defendant agreed to waive indictment and enter a guilty plea immediately and scheduled his guilty plea before the first trial setting, the government agreed to a further two-level reduction.

The U.S. Probation Office classified defendant in Criminal History Category III based on 2013 felony conviction for Coercion and a 2009 felony conviction for Delivery of Marijuana within 1,000 Feet of a School. PSR ¶ 48.

/ / /

/ / /

## III. THE UNITED STATES' RECOMMENDED SENTENCE AND SECTION 3553(a) ANALYSIS

The serious nature of defendant's offense justifies this felony conviction and three years of supervised release. His conduct required that the U.S. Capital Police and the FBI expend resources to investigate whether he posed an imminent threat to Senator-1. While there is no evidence that defendant ever intended to carry out the threat or made other threats, a single threat to a public official constitutes a criminal offense and the defendant must be held accountable and supervised through the U.S. Probation Office. The felony conviction should both deter the defendant from making future threats and also deter others who might place threatening calls to federal officials.

At the same time, the PSR discusses the defendant's mental health challenges, PSR ¶¶ 40-41, and the United States recognizes that defendant admitted to his conduct when first interviewed by agents. He agreed to waive indictment and resolve this case quickly with additional mental health treatment. The United States submits that the three years of close supervision by the U.S. Probation Office with the condition of mental health counseling will protect the public from future threats from the defendant and allow the defendant the opportunity to address any mental health issues.

## IV. RESTITUTION

The United States will inform the Court and defendant at the sentencing hearing whether restitution will be sought.

/ / /

/ / /

/ / /

## V. CONCLUSION

The Court should sentence defendant to time served with 60 days of home confinement, three years of supervised release with required mental health counseling, and a $100 special assessment.

Dated: August 19, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ William M. Narus*
WILLIAM M. NARUS, CASB #243633
First Assistant United States Attorney

*/s/ James Kilcup*
JAMES KILCUP, OSB #173891
Assistant United States Attorney